ON PETITION OF NANCY VAN VALEN, FOR RELIEF FROM LIEN OF RECOGNIZANCE, &c.

When one purchases lands at a sheriff's sale under foreclosure of a mortgage, which was prior in point of time to a recognizance of bail in a criminal case entered into by the owner of the land, and the foreclosure

was before the passage of the act of 1872 (*Rev.*, p. 1223, ¿ 69,) and the state was not a party thereto, a case is not made for any relief which can be afforded by this court.

---

Argued at June Term, 1884, before Justices VAN SYCKEL. and MAGIE.

For the petitioner, *James Flemming.*

The opinion of the court was delivered by

MAGIE, J.   Bail in criminal cases have, in the discretion of this court, been discharged from liability on their recognizance, but only when the performance of its condition or the render of the principal after default has become impossible by the act of God and without negligence on their part. *State* v. *Traphagen,* 16 *Vroom* 134; *State* v. *McNeal,* 3 *Harr.* 333.

Petitioner's case differs.   She was not a surety.   She purchased the land which she desires relieved from lien, knowing the foreclosure did not bar the state's claim.   If she has a claim for relief it arises because the land when sold was really worth no more than the encumbrance which antedated the recognizance.   Yet the state has never been called on to redeem. That opportunity is not afforded in this proceeding.   The act of 1872 (*Rev.*, p. 1223, § 69,) was not enacted when this foreclosure took place.

Under such circumstances we do not think that the discretion of the court would be wisely exercised in relieving petitioner.

1. We do not perceive how relief can be afforded without discharge of the recognizance.   For aught that appears the state's lien on other property might thus be affected.   If it be said that no other property is affected, and that the bail are insolvent, this court has no power to discharge bankrupt sureties.

2. But if petitioner's relief could be effectually afforded by an order discharging the lien of the recognizance from her land, we do not think such an order ought to be made.   No

precedent is to be found for such an order, nor is it within the line of principle on which the discretion of the court has heretofore been exercised. It would involve a difficult inquiry into the value of the land, which ought not to be made on a mere motion or rule to show cause.

That mortgagees and purchasers at foreclosure sales were often embarrassed by intervening recognizances which could not be barred, was the occasion of the act of 1872. By it ample relief is now afforded. In our opinion, persons thus injured, in cases prior to the act, must seek relief from legislation rather than from the court.